***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHARON R. ROZARIO, *individually and on behalf of those similarly situated*, | |
| Plaintiff, | Civil Action No. 20-801(FLW) |
| v. | |
| | **OPINION** |
| ADMIN RECOVERY, LLC; FRANK PARISI; ANGELO NATALE; TIMOTHY CIFFA; and JOHN DOES 1 to 10, | |
| Defendants. | |

**WOLFSON, Chief Judge:**

Sharon R. Rozario ("Plaintiff") has filed a Complaint alleging that Defendants, Admin Recovery, LLC ("Admin"), Frank Parisi ("Parisi"), Angelo Natale ("Natale"), and Timothy Ciffa ("Ciffa") (collectively, "Defendants"), violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, *et. seq.*  Before the Court is a motion to dismiss filed by Defendants, seeking dismissal of the Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**; all claims against Defendants are dismissed.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts, as set forth in Plaintiff's Complaint, are taken as true by this Court on the motion to dismiss.

Admin is a company engaged in the purchase and collection of defaulted consumer debts, Parisi and Natale are both managing members of Admin, and Ciffa is the vice president of

1

collections at Admin. (Compl. ¶¶ 6-9.) On January 24, 2019, Defendants allegedly mailed a debt collection letter to Plaintiff. (Compl. ¶ 24.) However, according to Plaintiff, at the time Defendants mailed the letter, the statute of limitations had run on the debt. (Compl. ¶ 26.) The collection letter stated, "Admin Recovery, LLC is offering you the opportunity to pay **50%** of the Account Balance to close this account." (Compl. Ex. A.) (emphasis in original). The letter further asserted that such payment "shall be in the total amount of $3,412.81 to close" the account. (Compl. Ex. A.) The letter closed with, "[i]f you would like additional time to respond to this offer, please contact us. We are not obliged to renew this offer." (Compl. Ex. A.)

On January 23, 2020, Plaintiff filed this putative class action complaint alleging that Defendants violated the FDCPA, 15 U.S.C. §§ 1692-1692(p). (Compl. ¶ 1.) More specifically, Plaintiff claims that the collection letter violates Section 1692e, which provides, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and Section 1692f, which provides, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In the instant matter, Defendants move to dismiss Plaintiff's Complaint for failure to state a claim. (Def. Mot. to Dismiss ("Def. Mot."), at 1.)

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)(internal quotation marks omitted)(quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). While Federal Rule of Civil

Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the Complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *see Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a plaintiff has met the facial plausibility standard mandated by *Twombly* and *Iqbal*, courts within this Circuit engage in a three-step progression. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to . . . state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *Id.* Finally, where "there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**III. ANALYSIS**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In order to succeed on an FDCPA claim: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; (3) the

3

defendant's action must have been done in an attempt to collect a "debt"; and (4) "the defendant [must have] violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citing *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)). Here, Defendants do not dispute that the first three elements are satisfied; rather, they argue that Plaintiff has not properly alleged a violation of the FDCPA. (Def. Mot., at 4.)

In determining whether a communication from a debt collector violates the FDCPA, a court must analyze the debt collector's statements from the perspective of the "least sophisticated debtor," *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006); *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 298-99 (3d Cir. 2008), in order to protect "all consumers, the gullible as well as the shrewd." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Although the "least sophisticated consumer" standard is a low standard, it nonetheless "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Rosenau*, 539 F.3d at 221 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)).

Debt collectors are allowed to request voluntary repayment of a time-barred debt under the FDCPA. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33 (3d Cir. 2011); *Campuzano-Burgos*, 550 F.3d at 299; *Sullivan v. Allied Interstate, LLC*, No. 16-203, 2016 U.S. Dist. LEXIS 145451, *17 (W.D. Pa. Oct. 18, 2016). However, courts, including the Third Circuit, have held that there are circumstances under which an attempt to collect such a debt will violate the FDCPA. *See Huertas*, 641 F.3d at 33; *Brown*, 464 F.3d at 455. Letters that explicitly or implicitly threaten litigation in an attempt to collect a time-barred debt violate the FDCPA, as they mislead the

4

consumer into believing the creditor may initiate litigation, when, in fact, they cannot. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 428 (3d Cir. 2018); *Huertas*, 641 F.3d at 33. The Third Circuit has also found that collection letters violate the FDCPA when they mislead or deceive the debtor into believing that they have a legal obligation to repay time-barred debts, even when the letters do not threaten legal action. *See Tatis*, 882 F.3d at 428.

### A. The Collection Letter was Not Deceptive or Misleading

Defendants submit that the collection letter sent to Plaintiff does not violate the FDCPA, because it does not use deceptive and misleading language that would cause the least sophisticated consumer to reasonably believe the debt was actually legally enforceable. (Def. Mot., at 1.) Defendants argue that the language of the letter, offering to "close this account," does not qualify as a legal threat nor does it convey a false sense of urgency that may misled a consumer into believing the debt is still enforceable. (Def. Mot., at 8-9.) Plaintiff, in response, contends that the language of the letter misrepresents the legal status of the debt and creates a false sense of urgency to accept the offered terms. (Pl. Br. in Opp. to Mot. to Dismiss ("Pl. Br. in Opp."), at 1.) Plaintiff also claims that the letter misleadingly offers consumers an opportunity to save 50%, which is false as the debt is unenforceable. (Pl. Br. in Opp., at 25.) I disagree.

First, Plaintiff fails to identify any relevant case law where the use of the language "close this account" was found to be deceptive or misleading under the FDCPA. A collection letter is considered deceptive "where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown v. Card Serv. Ctr.*, 464 F. 3d at 455 (internal quotation marks omitted)(quoting *Quadramed Corp.*, 225 F.3d at 354). Indeed, courts have found that the use of the terms "settlement offer" or "settle" may falsely imply that the underlying debt is enforceable in court because that language may also refer to settling a dispute to avoid litigation. *See Tatis*,

882 F.3d at 429; *Buchanan v. Northland Grp.*, 776 F.3d 393, 395 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014). However, none of those terms, or similar terms, were used in Defendants' collection letter. "Close this account" does not, in any other context, relate to litigation. The letter explicitly refers to Plaintiff's debt collection account and states that a partial payment will lead to the closure of that particular account. Defendants merely offered Plaintiff the opportunity to make a partial payment to resolve the debt. There could be no other reasonable interpretation of the collection letter, even under the least sophisticated debtor standard. On the contrary, the least sophisticated consumer reading the disputed letter would not mistake it for an offer to settle an existing lawsuit, or an attempt by the creditor to resolve the matter prior to filing a collection action.

Next, Plaintiff relies on an Eleventh Circuit case, *Holzman v. Malcolm S. Gerald Assoc., Inc.*, in arguing that the collection letter, with the language "[w]e are not obliged to renew this offer," creates a false sense of urgency that legal action will result if the consumer does not accept the offer. (Pl. Br. in Opp., at 11-12.) Courts in the Third Circuit have similarly held that a collection letter, which seeks repayment of a time-barred debt, would be misleading or deceptive if the letter creates a false sense of urgency for the debtor to accept the offered terms, for fear of litigation. *See, e.g., DeGeorge v. Fin. Recovery Servs.*, No. 11-04288, 2012 U.S. Dist. LEXIS 140966, *19-20 (E.D. Pa. Sept. 28, 2012). However, in these cases, the collection letters had specific deadlines, which could compel the consumer to accept the offer. *See Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1267 (11th Cir. 2019)(providing payment "must be received by our office no later than 5/21/2015"); *DeGeorge*, No. 11-04288, 2012 U.S. Dist. LEXIS 140966, *7 (indicating that the offer would expire in 35 days). There are no explicit deadlines imposed by the

letter in this case.[1]

Nevertheless, Plaintiff argues the language, "[w]e are not obliged to renew this offer" constitutes a "threat," and although she does not specify what threat, presumably, the threat of litigation if such an offer is not taken. (Pl. Br. in Opp., at 1.)  But, the language does not suggest such a false impression, even under the least sophisticated debtor standard.  Plainly, the phrase simply means that Defendants are not under any obligation to make this offer to the consumer.  "In determining the urgency of a demand for payment, courts have considered the nature of the threats of future action if payment is not made within the demand period." *Quadramed Corp.*, 225 F.3d at 360 n. 6.  Here, there is no demand period because the letter sent by Defendants contains no deadline coercing Plaintiff into making a hasty decision. In fact, ostensibly, the offer has no expiration. Defendants merely ask that, if Plaintiff wishes to accept the offer, that she remits payment "upon receipt of this letter." (Compl. Ex. A.)  Moreover, the language in this collection letter is different than those found to be coercive because Defendants added, "[i]f you would like additional time to respond to this offer, please contact us."  (Compl. Ex. A.)  As such, without any other coercive language, the phrase "[w]e are not obligated to renew this offer" does not, by itself, create any sense of urgency. It does not threaten legal action, explicitly or implicitly, or otherwise

---

[1] While the letter did not explicitly set forth a deadline, one could posit that the phrase "upon receipt of this letter" arguably creates an immediate deadline for the consumer to remit payment upon receiving the debt collection letter. The parties have not addressed this specific issue. However, even if the phrase could be so interpreted, the language would still not create a sense of urgency or immediacy that has been found to be violative of the FDCPA, because the letter advises the consumers that they would be given additional time to consider the offer. *See Waters v. J.C. Christensen & Assocs.*, No. 08-11795, 2011 U.S. Dist. LEXIS 41075, at *26 (D. Mass. Mar. 4, 2011)(finding that a debt collection letter did not give the false impression that the offer would irrevocably lapse after forty days, because the letter leaves open the possibility that the offer would be extended beyond the forty-day period with the following added language: "If you wish to make a payment proposal after that time, please call us to discuss it."). More importantly, as discussed *infra*, even if the letter created an urgency, it would not be misleading or deceptive since nowhere in the letter is there any accompanying threat of litigation or other negative consequences.

7

pressure Plaintiff into accepting the offer. In addition, the letter does not mention any penalty or negative consequence for not accepting the offer, other than the fact that the account would remain open. Therefore, the letter, read in its entirety, neither creates a false sense of urgency, nor threatens litigation.

Finally, the collection letter never suggests that Plaintiff would be saving 50% if she accepted the offer. It merely makes an offer to Plaintiff, where she could pay 50% of the current balance of the debt in order to close the account. (Compl. Ex. A.) Defendants make no representation that this offer will save Plaintiff money or that she had a legal obligation to pay the debt. Accordingly, considering the entirety of the collection letter, the least sophisticated consumer would not be misled or deceived into believing the debt is legally enforceable.

### B. Defendants Were Not Required to Disclose Debt was Time-Barred

Defendants claim that they are not required by the FDCPA to disclose that the debt was time-barred, and that they are permitted under the FDCPA to request payment on a time-barred debt. (Def. Mot., at 1.) Defendants further contend that because partial payment, alone, does not restart the statute of limitations in New Jersey, failing to disclose that the debt was time-barred would not be deceptive or misleading.[2] (Def. Reply Br., at 7-9.) In response, Plaintiff argues that the letter was deceptive because, in failing to warn Plaintiff that the debt was outside the statute of limitations and unenforceable, the letter could mislead the least sophisticated consumer into believing the debt was still legally enforceable. (Pl. Br. in Opp., at 12-13.) In that connection,

---

[2] In a footnote, Defendants assert that Plaintiff's debt was not time-barred because a partial payment had been made prior to—not after—the expiration of the statute of limitations. (Def. Mot., at 6 n. 3.) That factual assertion was not pled in the Complaint. On a motion to dismiss, the Court must accept the relevant facts derived from the Plaintiff's Complaint as true and construe the Complaint in the light most favorable to Plaintiff. *See Phillips*, 515 F.3d at 233. Therefore, any factual dispute raised by Defendants cannot be considered in my review here.

Plaintiff argues that, while the Third Circuit does not require disclosure that the statute of limitations has run, the Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB") have "required debt collectors, through consent orders, to disclose time-barred debts." (Pl. Br. in Opp., at 13 n. 3.) Plaintiff also claims the failure to disclose the legal status of the debt, "coupled with an offer to resolve the account along with urgency to accept the offer" was deceptive or misleading. (Pl. Br. in Opp., at 13.)

As Plaintiff concedes, the Third Circuit does not require debt collectors to disclose that a debt is unenforceable because the statute of limitations has run. *See Tatis*, 882 F.3d at 430 ("Nor do we impose any specific mandates on the language debt collectors must use, such as requiring them to explicitly disclose that the statute of limitations has run."). And the Third Circuit has held that if the statute of limitations has run on the debt, that debt is unenforceable, but not invalidated, or uncollectable. *See Huertas*, 641 F.3d at 32-33. Indeed, debt collectors are permitted to request voluntary repayment of a time-barred debt under the FDCPA. *See id*. That is precisely what Defendants attempted to do in this case. The collection letter clearly states that this is an offer for Plaintiff to pay her debt collection account by remitting 50% of the balance. (Compl. Ex. A.) In requesting payment, Defendants are not required to include a disclaimer that the statute of limitations had run. There is simply no misrepresentation of the legal status of the debt in the letter, as its only purpose is to present an opportunity to Plaintiff to pay her time-barred debt, an activity permitted under the FDCPA.

Nevertheless, Plaintiff, relying largely on agency guidance, asserts that the debt collection letter was misleading because it failed to disclose that the debt was time-barred. Plaintiff quotes a press release from the FTC, which stated, "[w]hen a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the

9

consumer in court to collect that debt." (Pl. Br. in Opp., at 13 n. 3.) The FTC reasoned that a consumer would choose not to make a payment if they were aware doing so would revive the statute of limitations, and, therefore, failing to disclose that the debt was time-barred would mislead the consumer. (Pl. Br. in Opp., at 16.) While I appreciate the FTC and CFPB's positions on this issue, as they are administrative agencies charged with enforcing the FDCPA, the agencies' concerns in this regard are less relevant, here, because under New Jersey law, the statute of limitations is only revived if partial payment is made and the debtor clearly express his/her intention to pay the remainder of the debt. *See Kislin v. Northland Grp., Inc.*, No. 16-4533, 2017 U.S. Dist. LEXIS 83197, *6 (D.N.J. April 19, 2017); *Blaha v. First Nat'l Collection Bureau, Inc.*, No. 16-cv-2791, 2016 U.S. Dist. LEXIS 157575, *16-17 (D.N.J. Nov. 10, 2016); *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 368-69 (D.N.J. 2016). Here, the lack of disclosure creates no additional risk for the consumer because a partial payment would not restart the statute of limitations, and importantly, there is no indication, or even argument by Plaintiff, that if a debtor were to make a partial payment on the debt, he or she would also have to make a declaration that the entire debt would also be paid. Accordingly, I find that the letter was not deceptive by not informing Plaintiff that the debt that Defendants sought to collect was time-barred.[3]

### C. Section 1692f Claims

Plaintiff also alleges that the letter violated § 1692f. (Compl. ¶ 89.) Defendants argue that, as a matter of law that the letter does not violate § 1692f for the same reasons the letter does not violate § 1692e; in that, 1) a debt collector is permitted to make certain offers to resolve a time-

---

[3] As the claims against Defendants have been dismissed for failure to state a claim, there is no need to determine whether Parisi, Natale, and Ciffa may be held individually liable for a violation of the FDCPA.

10

barred debt, 2) the letter does not make any threat of litigation, and 3) Defendants were not required to disclose the debt was time-barred. (Def. Mot., at 5.)

Section 1692f provides, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This section also enumerates conduct which violates this section, which includes prohibiting "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). This subsection has "often [been] applied … in the context of convenience fees, also known as service charges." *Thomas v. Youderian*, 232 F. Supp. 3d 656, 673 (D.N.J. 2017). Typically, "[a] complaint will be deemed deficient under this provision if it 'does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA.'" *Shand-Pistilli v. Prof. Acct. Servs.*, No. 10-1808, 2012 U.S. Dist. LEXIS 75056, *17 (E.D. Pa. July 26, 2010) (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)); *see also Evans v. Portfolio Recovery Assocs., LLC*, No. 15-1455, 2016 U.S. Dist. LEXIS 97769, at *14 (D.N.J. July 27, 2016) ("[C]onduct that is a violation of another section of the FDCPA 'cannot be the basis for a separate claim under § 1692f.'") (quoting *Turner v. Professional Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013)).

Here, Plaintiff has failed to allege conduct that was unfair and unconscionable under § 1692f and § 1692f(1). As the basis for her § 1962f claim, Plaintiff relies on the same alleged conduct under § 1692e, which I have already found insufficient to violate the FDCPA. Because Plaintiff does not identify any other misconduct beyond what she asserted in her § 1692e claim, Plaintiff's § 1692f claim cannot state a claim, as well. Furthermore, Plaintiff's § 1692f claim fails on the merits, because creditors are permitted, by law, to request voluntary payment on a time-

11

barred debt, *see Huertas*, 641 F.3d at 32-33, thus, requesting such payment cannot be an unfair or unconscionable means to collect or attempt to collect a debt.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**; all claims against Defendants are dismissed.

DATED:  July 21, 2020                                                                  /s/ Freda L. Wolfson
                                                                                                          Hon. Freda L. Wolfson
                                                                                                          U.S. Chief District Judge